| EMANUEL BAHAM | * | NO. 2022-CA-0551 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| FISK ELECTRIC COMPANY, | * | |
| REGIONAL TRANSIT | | FOURTH CIRCUIT |
| AUTHORITY, ALL STAR | * | |
| ELECTRIC, INC. AND THE | | STATE OF LOUISIANA |
| CITY OF NEW ORLEANS | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2015-05377, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *
ON APPLICATION FOR REHEARING

(Court composed of Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown)

BELSOME, J., CONCURS IN PART, DISSENTS IN PART, AND ASSIGNS REASONS

Patrick G. Kehoe, Jr.
Rebecca Kehoe Thompson
ATTORNEY AT LAW
3524 Canal Street
New Orleans, LA 70119

      COUNSEL FOR PLAINTIFF/APPELLANT

Richard Todd Musgrave
Theresa Anderson Sutherland
Samuel C. Furman
MUSGRAVE, MCLACHLAN & PENN, L.L.C.
1555 Poydras Street
Suite 2100
New Orleans, LA 70112

      COUNSEL FOR DEFENDANT/APPELLEE

**LIMITED REHEARING GRANTED; RELIEF DENIED; ORIGINAL
OPINION AFFIRMED**

We grant appellant, Emanuel Baham's application for rehearing for the limited purpose of addressing his argument that the majority opinion supports his contention that genuine issues of material fact remain.

Following this Court's March 22, 2023 decision, Mr. Baham filed an application for rehearing, seeking reconsideration of our decision. Mr. Baham based his application on two assertions: (1) per the contract between Malone Electrical Services, Inc. ("Malone Electrical") and Ubisense/NO RTA, Malone Electrical had knowledge of the location of the water and electrical lines; and (2) Malone Electrical's presence at the accident site on the date of the incident per the Malone Electrical timesheet creates an issue of fact as to their supervision of J. Star.

On rehearing, Mr. Baham attempts to expand his argument that summary judgment is inappropriate by asserting that Malone Electrical accepted control of J. Star's excavation because the contract between Malone Electrical and Ubisense/NO RTA reveals that Malone Electrical had knowledge of the water and electrical lines and that Malone Electrical's employee, Keith Pumilia ("Mr. Pumilia"), coordinated with J. Star for excavation. In our original opinion, we addressed that the record revealed that Malone Electrical and Ubisense corresponded about the desired locations where the light poles were to be installed, and that Malone Electrical contacted Louisiana One Call to confirm that the locations were probable. This Court also addressed that the mere fact that Malone Electrical and J. Star communicated about the project, and J. Star relied on Malone Electrical to provide the location where the excavation would occur is insufficient

to place a legal duty on Malone Electrical to protect Mr. Baham from the alleged negligence of an independent contractor. *See Hebert v. Rapides Par. Police Jury*, 2006-2001, pp. 9-10 (La. 4/11/07), 974 So.2d 635, 643, *on reh'g* (Jan. 16, 2008) Thus, we do not find merit in Mr. Baham's argument that Malone Electrical accepted control over J. Star's excavation.

Next, we address Mr. Baham's argument that the Malone Electrical timesheet creates an issue of fact as to their supervision of J. Star. The timesheet reveals the payroll periods, pay dates, and tasks each employee performed during that pay period. The timesheet does not reveal specific dates Malone Electrical's employees were onsite. Notwithstanding the assumption that a Malone Electrical employee was onsite on the date of the accident, jurisprudence has held that "while the principal [Malone Electrical] has the ability to oversee the results of the contractor's [J. Star's] work, the principal in no way influences the manner in which the contractor does the work." *See Sasser v. Wintz*, 2011-2022, p. 9 (La. App. 1 Cir. 9/4/12), 102 So.3d 842, 848 (quoting *Roca v. Security National Properties-Louisiana Limited Partnership*, 2011-1188, pp. 4-5 (La. App. 1st Cir.2/10/12), 102 So.3d 778, 781).

In contrast, an employer has a great amount of control over an employee's work, which includes "the nature of the task and where it is to be performed, setting the wage, and the power of dismissal." *Sasser*, 2011-2022, p. 9, 102 So.3d at 848 (quoting *Roca*, 2011-1188, pp. 4-5, 102 So.3d at 781). We do not find that the timesheet creates a genuine issue of material fact because a principal has the ability to oversee a contractor's work. *Id.* at p. 9, 102 So.3d at 848. Additionally, the timesheet does not reveal that any person listed on it was a J. Star employee, as this would be an indication of Malone Electrical being an employer of J. Star—

setting the wage, controlling the nature of tasks, and the power of dismissal. *Id.* at p. 9, 102 So.3d at 848. Which in this case, Mr. Baham fails to establish in support his argument that summary judgment should be precluded.

For these reasons, we grant a limited rehearing, deny relief, and affirm our original opinion.

**LIMITED REHEARING GRANTED; RELIEF DENIED; ORIGINAL OPINION AFFIRMED**